IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION



FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT 28 P 2: 52

CLERK _____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO.: CR205-029 |
| PETER G. ARCHIBALD<br>BARBARA F. ARCHIBALD | |

## ORDER

Defendant **Barbara F. Archibald** has filed a Motion for Severance pursuant to Federal Rule of Criminal Procedure 14. That rule allows the court to order a separate trial if it appears that a defendant ". . . is prejudiced by a joinder of offenses or defendants." FED. R. CRIM. P. 14. The United States of America filed its response. Pretrial hearings were held on Defendants' motions on October 25, 2005, before the undersigned. This case involves two co-defendants who have been charged in a two count Indictment. Count One alleges that both Defendants, under the penalty of perjury, filed a voluntary bankruptcy petition and concealed assets from creditors and/or the United States Trustee. Count Two alleges that both Defendants aided and abetted each other in the filing of the aforementioned bankruptcy petition.

Federal Rule of Criminal Procedure 8(b) provides for joinder of multiple defendants where the indictment charges the defendants with participation "in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "Even if joinder under Rule 8(b) is proper, however, severance may be granted in the discretion of the trial court pursuant to FED. R.

AO 72A
(Rev. 8/82)

CRIM. P. 14 if the court determines that prejudice will result from the joinder." Meester, 762 F.2d at 883. Severance should be granted only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence. See Zafiro v. United States, 506 U.S. 534, 539, 113 S. Ct. 933, 938, 122 L. Ed.2d 317 (1993); United States v. Talley, 108 F.3d 277, 280 (11th Cir. 1997). Severance is not required as a matter of law even when co-defendants present "mutually exclusive" or "mutually antagonistic" defenses. Zafiro, 506 U.S. at 539, 113 S. Ct. at 938; Talley, 108 F.3d at 280. Rather, Federal Rule of Criminal Procedure 14 requires that the district court balance the rights of the defendants to a fair trial, absent the prejudice inherent in a joint trial, against the public's interest in efficient and economic administration of justice. Hernandez, 921 F.2d at 1578 (citing Dorsey, 819 F.2d at 1058).

The Court recognizes that some measure of prejudice will be present in the joint trial of the defendants. "Inherent in every joint trial is some degree of prejudice and bias, but 'only in the event such prejudice appears to be compelling [to the conduct of the defendant's defenses] does severance become warranted.'" Roper, 874 F.2d at 789; see also United States v. Harris, 908 F.2d 728, 736 (11th Cir. 1990). Compelling prejudice does not exist simply because much of the evidence at trial is applicable only to a defendant's co-defendants. United States v. Alvarez, 755 F.2d 830, 857 (11th Cir. 1985). The Eleventh Circuit employs the following test to determine whether "compelling prejudice" exists to warrant severance:

> Whether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the admonitory instructions and accordingly collate and appraise the independent

2

> evidence against each defendant solely upon that defendant's acts, statements, and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

Roper, 874 F.2d at 789; United States v. Marszalkowski, 669 F.2d 655, 660 (11th Cir. 1982). The court may instruct the jury to consider the case against each defendant separately, thereby eliminating the likelihood of a "spill-over" effect. Id. In the case *sub judice*, the jury will be able to follow the Court's cautionary and admonitory instructions, and the jury will be able to determine the guilt or innocence of each defendant solely on the basis of each defendant's conduct. See United States v. Adams, 1 F.3d 1566, 1578-79 (11th Cir. 1993) (severance of trials not mandated, even where majority of evidence applied only to certain co-defendants, where trial court gave sufficient cautionary instructions); United States v. LaChance, 817 F.2d 1491, 1495 (11th Cir. 1987).

Defendant Barbara Archibald has not established a showing of "compelling prejudice" sufficient to require severance. Said Defendant's Motion for Severance is **DENIED**.

**SO ORDERED**, this 28th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)